UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY RILEY | ) | |
| | ) | |
| Plaintiff, | ) | 15 C 4679 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Jorge Alonso |
| THOMAS DART, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT THOMAS DART'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant, Thomas Dart, through his attorney, Anita Alvarez, State's Attorney of Cook County, by her assistant, Allyson L. West, for his Answer and Affirmative Defenses to Plaintiff's Complaint states as follows.

**COUNT I**

1. In Feb. 2014 I lost my mother. I asked can I please see the Imam so that he can pray with me and was denied that right. I just wanted to pray for mom.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, therefore denies same and demands strict proof thereof.

2. I was in presentence custody for attempted arm rob-ag battery, from 11-07-2013 to 12-22-2014.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, therefore denies same and demands strict proof thereof.

1

3. Thomas Dart is the Sheriff of Cook County Jail and is in charge of all programs that is (sic) to be approved by him at the Cook County Jail.

**ANSWER**: Defendant denies the allegations, as phrased, contained in Paragraph 3 of Plaintiff's Complaint.

4. I converted to Islam-Muslim in 1995.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, therefore denies same and demands strict proof thereof.

5. One of the requirements of a Muslim is to come to prayer with other Muslims on our Holy Day which is on every Friday I was never afforded that opportunity.

**ANSWER**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, therefore denies same and demands strict proof thereof.

6. My first week in custody I put in request after request every week up until my last week in County Jail asking to attend Muslim services.

**ANSWER**: Defendant denies the allegations of Paragraph 6

7. Christians as well as other religion groups were allowed to attend their services each week. (not Muslims).

**ANSWER**: Defendant denies the allegations of Paragraph 7.

8. I did file a grievance after my request's went unanswered It did no good.

**ANSWER**: Defendant denies the allegations in Paragraph 8.

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Thomas Dart, by his attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant State's Attorney, Allyson L. West, and hereby set forth the following Affirmative Defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendants are entitled to the defense of qualified immunity.

2. The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e)(a). See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004), therefore his claims are barred.

3. To the extent that Plaintiff seeks punitive damages in this action, local governments are immune from punitive damages liability under § 1983. See City of Newport v. Fact Concerts, 453 U.S. 247 (1981). Therefore, to the extent the Defendant is named in their official capacity, Defendants are immune from having to pay punitive damages to Plaintiff.

4. Although not clear from Plaintiff's Complaint, to the extent Plaintiff is making any claims under Illinois law, Defendants are immune from Plaintiff's claims under 745 ILCS 10/2-204 of the Illinois Tort Immunity Act which provides as follows: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person."

3

5. Although not clear from Plaintiff's Complaint, to the extent Plaintiff is making any claims under Illinois law, Defendants are immune under 745 ILCS 10/2-202 of the Illinois Tort Immunity Act, which confers on public employees immunity from liability for acts or omissions that occur during "the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202.

6. Defendants also reserve the right to assert other affirmative defenses as they become known through further discovery or otherwise in this action.

## JURY DEMAND

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees. Defendant prays that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of Defendant's fees, costs and such other relief that this Court deems just and appropriate.

Respectfully Submitted,
ANITA ALVAREZ
State's Attorney of Cook County

By:   /s/ Allyson L. West
Allyson L. West
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602

4